## CLARENCE EDMOND GOSS V. STATE

No. 27,719. November 2, 1955

No attorney of record on appeal for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of a narcotic drug; the punishment, two years in the penitentiary.

Appellant was found in an unconscious condition in a room at the Roosevelt Hotel in the city of Amarillo, and from there

was carried to a hospital. While at the hospital he was searched by two city policemen who found a vial in a sock on his foot. The testimony shows that the vial contained dilaudid, a derivative of morphine, a narcotic drug.

Appellant did not testify or offer any testimony in his own behalf.

We have not been favored with a brief on behalf of the appellant. However, we shall discuss certain exceptions appearing in the record.

By Formal Bill of Exception No. 1, and other informal bills, complaint is made to the exhibition before the jury of a spoon and hypodermic needle which Officer Carter first testified was found in the hotel room where appellant was discovered. The record shows that the spoon and the hypodermic needle were never introduced in evidence, and that after Officer Carter, upon being recalled as a witness, had testified that the syringe was found in an adjoining room, the court sustained appellant's objection to the admission of the instruments in evidence and instructed the jury not to consider them for any purpose. We overrule appellant's contention that the exhibition of the spoon and hypodermic needle before the jury presents error notwithstanding the court's instruction not to consider them for any purpose.

Informal Bill of Exception No. 2 presents appellant's objection to Officer Carter testifying to the search of appellant at the hospital and to what was found in the search.

This bill does not reflect error because the record does not show that at such time the officer did not have a warrant of arrest or search warrant. Pitcock v. State, 159 Texas Cr. R. 616, 266 S.W. 2d 389; and Cadena v. State, 160 Texas Cr. R. 206, 268 S.W. 2d 472.

The evidence is sufficient to support the conviction, and no reversible error appears in the record.

The judgment is affirmed.

Opinion approved by the court.